NEWTON, O'CONNOR, TURNER & KETCHUM,
A PROFESSIONAL CORPORATION
W. Kirk Turner, OBA #13791
J. Daniel Morgan, OBA # 10550
2700 Bank of America Center
Fifteen West Sixth Street
Tulsa, Oklahoma   74119
Phone (918) 587-0101
Fax (918) 587-0102

VAN COTT, BAGLEY, CORNWALL & MCCARTHY, P.C.
Thomas T. Billings, Utah Bar No. 0331
Florence M. Vincent, Utah Bar No. 11492
Spencer H. Reed , Utah Bar No. 13338
36 S. State Street, Suite 1900
Salt Lake City, Utah  84111-1478
Telephone:  801-532-3333
Fax:  801-534-0058

SEYFARTH SHAW LLP
Christopher J. DeGroff, Illinois Bar No. 06244447
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603-5577
Phone (312) 460-5982
Fax (312) 460-7982

*Attorneys for Movants Unit Drilling Company
and Unit Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNIT DRILLING COMPANY and UNIT CORPORATION,<br><br>Movants,<br><br>vs.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and PATSY CRAIG,<br><br>Respondents, | MOTION TO QUASH AND FOR PROTECTIVE ORDER AGAINST SUBPOENA FOR DEPOSITION OF ATTORNEY KRISTEN VANORMAN<br><br>Case No. 2:14-mc-00436<br><br>Judge David Nuffer |

Movants Unit Drilling Company and Unit Corporation (collectively "Unit") or ("Movants") hereby moves the Court for a protective order against Respondents Equal Employment Opportunity Commission ("EEOC") taking the deposition of Attorney Kristen VanOrman, former counsel of Unit Drilling, and to quash the EEOC's subpoena for Ms. VanOrman's deposition (the "Subject Subpoena").

## Introduction

The EEOC, Patsy Craig, and Unit are engaged in ongoing litigation in the Northern District of Oklahoma (the "Underlying Action"). In that Underlying Action, the EEOC has initiated a complaint against Unit, and Craig has intervened as a plaintiff. In that Underlying Action, the EEOC has issued a subpoena to take the videotaped deposition of VanOrman, Unit's former attorney. The proposed deponent, Kristin VanOrman, has no personal knowledge of the underlying facts of this case. She served as an attorney for Unit in the defense of the Underlying Action and in arguments made before the Utah Labor and Anti-Discrimination Division ("UALD") in anticipation of this litigation. She was an opposing counsel to the EEOC.

VanOrman has no personal knowledge of the underlying facts independent of her work as counsel for Unit in the defense of the UALD/EEOC charge upon which the Underlying Action is based. Her mental processes, interviews, and activities are protected by the attorney client privilege and the work product doctrine.

If this deposition is allowed to proceed, the door will be opened for all plaintiffs to depose all defense attorneys who file motions or make arguments in a case: The inquiries will undoubtedly include: who told you this fact, that fact, why did you make that argument, etc. By the same logic, defendants could depose plaintiff's counsel on the facts they assert in Complaints or motions. The attorney client and work product privileges shield these lawyers for Unit from

2

such inquiries. Further, one or two days' notice of the out-of-state deposition is unreasonable and the subpoena and notice should be quashed.

In support of this Motion, Unit states as follows:

### Summary of Relief Sought

By this Motion, Unit seeks an order from this Court pursuant to Rule 45(d)(3) quashing the EEOC's subpoena to depose VanOrman, and for a protective order against the deposition. Patsy Craig is named as a nominal party to this action for the sole reason that she is an intervening plaintiff in the Underlying Action. No relief is sought against Craig by this motion, except to the extent that the protective order should preclude any deposition of Unit's past or present attorneys, whether by the EEOC or by Craig.

### Certification of Consultation

On June 5, 2014, a telephone consultation was held between Counsel for Unit (J. Daniel Morgan and Jacob Crawford) and Counsel for the EEOC (James Driscoll-Maceachron and Nancy Griffiths) in a good faith attempt to resolve this discovery dispute. After the consultation, the EEOC withdrew their Notice and Subpoena. *See* Exhibit 1 hereto: E-mail from EEOC dated June 9, 2014.

On June 11, 2014, just two days before the subject deposition, the EEOC attempted to revive the withdrawn notice through an e-mail sent at 4:12 PM. *See* Exhibit 2. Thus, only two days' notice of the deposition was afforded to the witness and to Unit's counsel. This late attempt affords unreasonably short notice to Unit's counsel, who are located in Tulsa, Oklahoma. This Motion for a Protective Order is filed within one day after receipt of the new Notice.

## THE FACTS

1.  On April 9, 2014, the EEOC served on counsel for Unit the first Notice that the EEOC intended to take the deposition of Unit's attorney (Kristin Van Orman). Exhibit 3, hereto (the "First VO Subpoena."). That notice and subpoena was subsequently withdrawn as detailed below.

2.  Kristin VanOrman is an attorney in Salt Lake City, Utah whose firm was hired by Unit to represent it before the UALD on the Charge of Discrimination filed by Patsy Craig (Intervenor in the present case). This Charge was the administrative prerequisite filing on which the Underlying Action is based. *See* Exhibit 4, Affidavit of Drew Harding, ("Harding Affidavit"), ¶ 3.

3.  Prior to serving as an attorney for Unit in the UALD proceedings which anticipated the Underlying Action, Ms. VanOrman had no knowledge about the subject matter of Patsy Craig's Charge of Discrimination or the allegations underlying the Underlying Action. *See* Exhibit 4, ¶ 4-5.

4.  A hearing was held before Northern District of Oklahoma Magistrate Judge Cleary on May 7, 2014. At the hearing, the proposed deposition of Attorney VanOrman was discussed. The EEOC agreed to withdraw the subpoena to VanOrman if Unit would agree to answer an interrogatory about which persons had knowledge of the underlying facts. See, Exhibit 5 hereto.

5.  Unit complied with the Agreement concerning withdrawal of the subpoena to VanOrman by answering the Interrogatory on May 16, 2014.

6.  Pursuant to the agreement reached at the hearing, the EEOC withdrew the first subpoena to VanOrman. *See*, Exhibit 6 (E-mail from EEOC Counsel).

4

7. Shortly after Unit supplied the agreed information, the EEOC repudiated the agreement and served yet another subpoena on VanOrman on June 3, 2014. See, Exhibit 7.

8. On June 5, 2014, counsel for Unit informed and reaffirmed to the EEOC via conference call that Ms. VanOrman has absolutely no personal knowledge regarding the underlying facts and that all of her information and knowledge was derived from her activities on behalf of Unit as its lawyer. Further, the EEOC was reminded of its agreement concerning the withdrawal of the subpoena to VanOrman.

9. The second subpoena (which was withdrawn on June 9, 2014) violated the agreement to withdraw the subpoena and repudiates representations made by EEOC's counsel at the hearing on May 7, 2014.

10. On June 9, 2014, the EEOC withdrew the second subpoena and notice, and stated that it would <u>not</u> take VanOrman's deposition during the week June 9 which (included June 13, 2014--the date of the latest notice and subpoena.). *See* Exhibit 1.

11. On June 11, 2014, the EEOC attempted to revive the notice and subpoena which it previously had withdrawn. See, Exhibit 2.

12. This motion is filed within one day of the EEOC's June 11 notice of the deposition concerning the VanOrman deposition.

13. Under the 2013 amendments to Rule 45 of the Federal Rules of Civil Procedure, this Court has jurisdiction to hear and rule on this dispute as this is the district in which compliance with the Subject Subpoena would take place.

5

## BRIEF IN SUPPORT

### A. The EEOC Breached Its Agreement Regarding the VanOrman Deposition

The EEOC reached an agreement at the May 7 hearing to withdraw its subpoena to VanOrman. Unit complied with its agreement. The EEOC did not. The EEOC has been inconsistent with its representations regarding its intent to depose—or not to depose—Unit's counsel. The Subject Subpoena should be quashed.

### B. Two Days' Notice of a Deposition is Unreasonable and Improper

The EEOC's conduct in connection with the Subject Subpoena is unreasonable and should not be permitted. Not only is the Subject Subpoena in contravention to the parties' May 7 agreement that Unit's counsel would not be deposed, but the EEOC provided written notice of its withdrawal of the Subject Subpoena on Monday, June 9, 2014, and has now attempted to recant that withdrawal by declaring on Wednesday, June 11, 2014 that the EEOC would in fact depose Unit's counsel on Friday, June 13, 2014. The improper attempt to recant its withdrawal and rely upon a previously withdrawn subpoena, giving just two days' notice of the subject deposition, is particularly unreasonable in light of the fact that lead counsel for Unit are located in Tulsa, Oklahoma and travel will be necessary. The lack of reasonable notice alone, is grounds to quash the Subject Subpoena, and the EEOC's June 9th withdrawal of the Subject Subpoena further compel such an order.

### C. The Deposition of Unit's Counsel Should Not Be Permitted Under the Work Product and Attorney Client Privilege Doctrines

The law is clear that an attorney cannot be forced to testify about their thought processes, investigations, and arguments made during and in anticipation of litigation. Rule 45 of the Federal Rules of Civil Procedure protects non-parties from such misuse of the subpoena power, by allowing courts to quash subpoenas. *See* Fed. R. Civ. P. 45(d)(3)(A). The EEOC may seek

non-privileged information that is relevant to its claims. *See* Fed. R. Civ. P. 26(b)(1). However, the district court has great discretion to deny the EEOC to take the deposition of a non-party, and is required to limit discovery, when, for example, the information sought can be obtained from another source, and/or the burden of the proposed deposition outweighs the likely benefit. *See* Fed. R. Civ. P. 26(b)(2)(C)(i), (iii). Indeed, the Advisory Committee's notes to Rule 45 state that the Rule "requires the court to protect all persons from undue burden imposed by the use of subpoena power. Illustratively, it might be unduly burdensome to compel an adversary to attend trial as a witness if the adversary is known to have **no personal knowledge** of matters in dispute . . . ." *See* Fed. R. Civ. P. 45, Notes of Advisory Committee on 1991 amendments, Subdivision (b) (emphasis added).

The work product doctrine originated in *Hickman v. Taylor*, 329 U.S. 495 (1947). There are two types of work product implicitly recognized in *Hickman*: opinion work product and ordinary work product. *See Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 624 (N.D. Okla. 2009). Section 87 of the Restatement (Third) of the Law Governing Lawyers distinguishes between the two as follows: "Opinion work product consists of the opinions or mental impressions of a lawyer; all other work product is ordinary work product." Opinion work product receives a higher level of protection than ordinary work product and "enjoy[s] nearly absolute immunity." *See Tyson Foods, Inc.*, 262 F.R.D. at 624, 629.

To establish that information is protected as work product, the party asserting the protection must demonstrate the information or materials at issue were prepared or obtained in anticipation of litigation by or for a party or that party's representative[1]. *See id.* at 625. There is

---

[1] The work product doctrine is codified at Federal Rule of Civil Procedure 26(b)(3)(A), which only pertains to documents and tangible things. However, Rule 26(b)(3)(B) provides that the Court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal

no requirement that litigation have actually commenced before the work product doctrine attaches to information; the only requirement is that "there must be more than a remote possibility of litigation." *Fox v. California Sierra Fin. Servs.*, 120 F.R.D. 520, 524 (N.D. Cal. 1988). Courts routinely hold that information or documents created pursuant to responding to an EEOC charge of discrimination are created in anticipation of litigation and, therefore, eligible to be covered by the work product doctrine. *See Clayton v. Vanguard Car Rental U.S.A., Inc.*, No. CIV 09-0188 JB/ACT, 2009 U.S. Dist. LEXIS 124544, at *13-14 (D.N.M. Dec. 15, 2009); *Scurto v. Commonwealth Edison Co.*, No. 97 C 7508, 1999 U.S. Dist. LEXIS 513, at *7-8 (N.D. Ill. Jan 11, 1999). In addition, there is no question Ms. VanOrman, outside counsel for Unit Drilling, was a party representative. There is no question that Ms. VanOrman acted as attorney for Unit in anticipation of the present litigation.

Courts have held that "[a]lthough the identity and location of witnesses that may have knowledge of any discoverable matter is not protected, <u>the identity of witnesses interviewed by opposing counsel is protected</u>." *In re MTI Tech. Corp. Sec. Lit. II*, No. SACV 00-0745 DOC (ANx), 2002 U.S. Dist. LEXIS 13015, at *7-8 (C.D. Cal. June 13, 2002) (emphasis added) (citing *Massachusetts v. First Nat'l Supermarkets, Inc.*, 112 F.R.D. 149, 154 (D. Mass. 1986)); *see also U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12 Civ. 6811 (CM) (JCF), 13 Civ. 1580 (CM) (JCF), 2013 U.S. Dist. LEXIS 143398, at *27-28 (S.D.N.Y. Oct. 13, 2013) ("the identities of people interviewed as part of counsel's investigation into the facts of the case have the potential to reveal counsel's opinions, thought processes, or strategies, and are therefore protected"); *Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v.*

---

theories of a party's attorney or other representative concerning the litigation" which some courts suggest indicates "that the protection of opinion work product is for all intents and purposes absolute." *Scurto*, 1999 U.S. Dist. LEXIS at *6.

8

*Arbitron, Inc.*, 278 F.R.D. 335, 343 n. 8 (S.D.N.Y. 2011) ("[in] the circumstances in which a party demands a list of persons whom opposing counsel has interviewed [the party] is essentially seeking, and potentially piggybacking on, a roadmap of an adversary's pretrial investigation[,] [which] implicates core polices behind the work product doctrine"); *In re Initial Public Offering Sec. Lit.*, 220 F.R.D. 30, 35-36 (S.D.N.Y. 2003) ("a party may not specifically demand the identities of witnesses interviewed or relied upon by counsel"); *McIntyre v. Main St. & Main Inc.*, 2000 U.S. Dist. LEXIS 19617, 2000 WL 33117274, at *2 (N.D. Cal. Sept. 29, 2000); *Lexalt v. McClatchy*, 116 F.R.D. 438, 443 (D. Nev. 1987).

The rationale behind this rule is that disclosing which individuals counsel interviewed in anticipation of litigation would reveal counsel's mental impressions and strategy considerations. *See In re MTI Tech. Corp. Sec. Lit. II*, 2002 U.S. Dist. LEXIS 13015, at *7-8. As the United States Supreme Court stated in *Hickman*, "not even the most liberal discovery theories can justify unwarranted inquiries into the files and mental impressions of an attorney." *Hickman*, 329 U.S. at 510.

In *Tyson Foods Inc.*, this Court addressed whether a summary and chart of the frequency and amounts of the defendant's grower land application within the Illinois River Watershed was protected by the work product doctrine. *See* 262 F.D.R. at 619. The documents were created from counsel's interviews with growers and non-testifying experts as part of their strategy to defend the lawsuit. *See id.* at 621. The defendant argued the information in the documents was protected work product because the attorney's selection of which farmers to interview revealed counsel's mental impressions. *See id.* at 633. The Court ultimately held the documents were protected by the work product doctrine.[2] *See id.*

---

[2] The Court, in its general discussion on the work product doctrine, cited Wright & Miller, Federal Practice and Procedure §2023 which states work product does not protect "the facts that the adverse party's lawyer has learned,

9

In the present case, the EEOC seeks to depose opposing counsel. VanOrman was not Unit's General Counsel, or counsel on unrelated matters, but was Unit's counsel *in this dispute*. The EEOC's improperly noticed subpoena should be quashed. All of the information that VanOrman possesses was acquired, filtered, assimilated and used in her capacity as Unit's legal counsel in this dispute with the EEOC and its affiliated state agency, the UALD.[3]

The subpoena also violates an agreement reached at the hearing on May 7, 2013. Unit complied with its part of the agreement by answering the interrogatory issued as a result of the hearing. The EEOC has breached its agreement. There is no justification for the EEOC's attempt to depose Unit's legal counsel in this dispute.

### D. The EEOC Has Not Demonstrated the Requisite Need to Obtain Work Product

A party may obtain opinion work product only if it demonstrates "'extraordinary circumstances justify[ing] disclosure.'" *Tyson Food Inc.*, 262 F.R.D. at 627. A party may obtain ordinary work product only if it demonstrates a substantial need for the information and is unable to obtain it without undue hardship. *See id.* The EEOC has not demonstrated any need, substantial or otherwise, for the identity of every person interviewed by Ms. VanOrman. In addition, when a party discloses every person known to have discoverable information, and the number of those persons is not unmanageable, there is minimal need for disclosure of the identity of witnesses interviewed or otherwise relied upon by counsel. *See In re MTI Tech. Corp. Sec. Lit. II*, 2002 U.S. Dist. LEXIS 13015, at *9-13 (holding that a list of 71 individuals with

---

or the persons from whom he or she had learned such facts. . . ." *Tyson Foods, Inc.*, 262 F.D.R. at 628. However, the Court also cited law stating when discovery attempts to ascertain facts "which inherently reveal the attorney's mental impressions . . . the work product protection extend[s] to the underlying facts." *Id.* at 628 (quoting *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003)). The Court ultimately agreed with the defendants that the information at issue was work product. Here, the identity of every person Ms. VanOrman spoke with would undoubtedly reveal her mental impressions and opinions as to the significance and credibility of certain witnesses and, therefore, is protected.

[3] The EEOC citation to Local Civil Rule 26.4 is misplaced. Rule 26.4 clearly states it only applies to document requests. The issue in dispute is an interrogatory.

discoverable information was not so unmanageable as to create a substantial need to obtain the identity of individuals interviewed or relied upon by counsel).

The EEOC cannot contend that the attorney VanOrman possesses information which it could not obtain elsewhere. Unit has disclosed the identities of all persons involved in the hiring processes at issue in this case. The EEOC has taken, or will take, the depositions of all persons with first-hand knowledge. There is no justification for its attempt to depose opposing counsel in this case.

## CONCLUSION

A protective order should be entered quashing the Subject Subpoena for the deposition of attorney Kristin VanOrman.

Respectfully submitted,

**VAN COTT, BAGLEY, CORNWALL & McCARTHY**

By: */s/ Spencer Reed*
Thomas T. Billings, Utah Bar No. 0331
tbillings@vancott.com
Florence M. Vincent, Utah Bar No. 11492
Fvincent@vancott.com
Spencer H. Reed, Utah Bar No. 13338
sreed@vancott.com

*Attorneys for Unit Drilling Company and Unit Drilling Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2014, I caused a true and correct copy of the foregoing to be filed with the Court via the Court's electronic case management and filing system, and served a true and correct copy of the same via Certified U.S. Mail, postage prepaid, with courtesy copies sent via e-mail to the following:

James Driscoll-Maceachron, Esq.
Nancy E. Griffiths, Esq.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
PHOENIX DISTRICT OFFICE
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
James.driscoll-maceachron@eeoc.gov
*Counsel for the EEOC*

Patrick Holman, Esq.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OKLAHOMA CITY AREA OFFICE
215 Dean A. McGee Avenue, 5th Floor
Oklahoma City, Oklahoma 73102
Patrick.holman@eeoc.gov
*Oklahoma Counsel for the EEOC*

Dale M. Dorius, Esq.
Dorius & Reyes
P. O. Box 895
29 South Main
Brigham City, Utah 84302
*dmdorius@gmail.com*
*Counsel for Patsy Craig*


/s/ Spencer Reed


4810-9111-2219, v. 1