# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **UNIT DRILLING COMPANY and UNIT CORPORATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and PATSY CRAIG,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:14mc436**<br><br><br>**District Judge David Nuffer**<br><br>**Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge David Nuffer pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Unit Drilling Company and Unit Corporation's (collectively, "Unit") motion to quash and for a protective order prohibiting the Equal Employment Opportunity Commission ("EEOC") from taking the deposition of their prior counsel.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 7.

[2] *See* docket no. 2.

## RELEVANT BACKGROUND

In February 2009, Patsy Craig ("Ms. Craig") filed a charge of discrimination against Unit with the Utah Antidiscrimination and Labor Division ("UALD") alleging that Unit refused to hire her to work on its drilling rig because she is a woman. On March 17, 2009, Unit submitted to the UALD its formal response ("Position Statement") to the charge of discrimination. Attorney Kristin VanOrman ("Ms. VanOrman") authored the Position Statement on behalf of Unit.

In the Position Statement, Ms. VanOrman explained that Unit did not hire Ms. Craig because the job she applied for was restricted to men under Title VII's bona fide occupational qualification exception. *See* 42 U.S.C. § 2000e-2(e). Specifically, Ms. Craig sought to work at a remote drilling rig where eight employees are required to live in a 9 foot by 30 foot bunkhouse for seven days at a time. The other seven employees at that rig are male. There is one shared bathroom, no separate changing or sleeping facilities, and no privacy. Ms. VanOrman also stated that it would be impractical, uneconomical, inefficient, and unsafe for Unit to hold the position open for Ms. Craig while constructing separate facilities for her.

The EEOC filed an employment discrimination suit against Unit in the United States District Court for the Northern District of Oklahoma alleging violations of Title VII of the Civil Rights Act of 1964. On April 9, 2014 the EEOC issued and served a subpoena for the deposition of Ms. VanOrman. On June 12, 2014, Unit filed the instant motion in this court pursuant to rule 45(d)(3) of the Federal Rules of Civil Procedure.

**ANALYSIS**

Unit argues, inter alia, that allowing the EEOC to depose Ms. VanOrman would violate the work-product privilege. Specifically, Unit asserts that because Ms. VanOrman represented Unit in anticipation of the present litigation in arguments made before the UALD, she should not be compelled to testify in this matter. In response, the EEOC argues that the information it seeks from Ms. VanOrman is not privileged because it has only requested factual information regarding the Position Statement. In particular, the EEOC seeks Ms. VanOrman's knowledge of the Position Statement's supporting documents, the factual basis for the Position Statement, and the identities of the individuals who have knowledge of those facts.

A party may obtain discovery of any nonprivileged matter that is relevant to a claim or defense of any party. *See* Fed. R. Civ. P. 26(b)(1). However, a court may limit discovery "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including that the discovery not be had or that it be had only by a method other than that selected by the party seeking discovery. Fed. R. Civ. P. 26(c).

"While the Federal Rules do not prohibit the deposition of an attorney for a party, experience teaches that countenancing unbridled depositions of attorneys often invites delay, disruption of the case, harassment, and unnecessary distractions into collateral matters." *Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 689 (D. Kan. 1990). Thus, in order to depose Ms. VanOrman, the EEOC must satisfy the three-part test set forth in *Shelton v. American Motors Corporation*, 805 F.2d 1323, 1327 (8th Cir. 1986), and adopted by the Tenth Circuit. *See Boughton v. Cotter Corp.*, 65 F.3d 823, 830 (10th Cir. 1995) (adopting the *Shelton*

test); *see also Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1112 n.15 (10th Cir. 2001) ("[The] *Shelton* [test] was adopted by this court in *Boughton*.").

Under the *Shelton* test, he EEOC must demonstrate that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Boughton*, 65 F.3d at 830. As noted above, the EEOC seeks Ms. VanOrton's knowledge of the Position Statement's supporting documents, the factual basis for the Position Statement, and the identities of the individuals who have knowledge of those facts. The court concludes that the EEOC has failed to satisfy the *Shelton* test with regard to the information it seeks.

First, the EEOC has not adequately shown that the information is unavailable from other sources. It has not demonstrated that there are no other sources from which it can reasonably obtain the information. The EEOC "should consider other methods, such as written interrogatories, requests for production or requests for admissions" from which to obtain that information. *Hay & Forage Indus.*, 132 F.R.D. at 689.

Second, the EEOC has not demonstrated that the information is not subject to the work-product privilege. While the work-product privilege protects "documents and tangible things that are prepared in anticipation of litigation," Fed. R. Civ. P. 26(b)(3)(A), and the EEOC only seeks to question Ms. VanOrman regarding the factual basis for the Position Statement, this court is not persuaded that this line of questioning would not delve into "mental impressions, conclusions, opinions, or legal theories [Ms. VanOrman] authored in anticipation of [the instant] litigation." *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 668 (10th Cir. 2006).

Third, the EEOC has failed to convince this court that the information sought is crucial to preparing its case. The EEOC asserts that Unit's "true purpose in seeking to quash Ms. VanOrman's deposition is to avoid having Ms. VanOrman tell the truth about where she obtained the information she provided to the UALD about Unit['s] . . . reasons for not hiring [Ms.] Craig."[3] The EEOC further argues that either Unit "will be bound by its Position Statement as an admission or they will be allowed to argue at trial that the Position Statement is a fabrication or includes multiple factual errors."[4] Because Unit has not asserted that the underlying facts and documentation supporting the Position Statement are themselves privileged or have not already been discovered, the EEOC should be able to adequately prepare its case without deposing Ms. VanOrman.

Based on the foregoing, the court concludes that the EEOC has failed to satisfy the *Shelton* factors. As such, Unit's motion to quash and for a protective order is hereby **GRANTED**.

**IT IS SO ORDERED.**

DATED this 19th day of June, 2014.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[3] Docket no. 8 at 6.

[4] *Id.*